UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TYLER SUCH, on behalf of himself and all other
persons similarly situated,

                              Plaintiffs,                        **COMPLAINT**

    -against-

POWERPRO SERVICE CO., INC.,                      *Collective and Class Action*
FRANK NAVETTA and BYRON NAVETTA,

                              Defendants.
------------------------------------------------------------------------X

       Plaintiff, TYLER SUCH ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his attorneys, the Romero Law Group PLLC, complaining of the Defendants, POWERPRO SERVICE CO., INC., FRANK NAVETTA and BYRON NAVETTA (collectively "Defendants"), allege as follows:

## NATURE OF THE ACTION

       1.       Plaintiff, on behalf of himself and all other similarly situated former and current employees of Defendants, brings this lawsuit against Defendants seeking recovery for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., as amended (the "FLSA"), and alleges that he and all others who elect to opt-into this action pursuant to the FLSA's collective action provision, 29 U.S.C. § 216(b), are entitled to recover unpaid overtime wages, liquidated damages, and attorneys' fees and costs.

       2.       Plaintiff also brings this action on behalf of himself, and all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), to remedy violations of the New York Labor Law Art. 6, §§ 190 et. seq., and Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively, "NYLL"). The

putative class action seeks injunctive and declaratory relief, liquidated damages, attorneys' fees and costs and other appropriate relief pursuant to NYLL § 198.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. In addition, the Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

6. At all times relevant to the complaint, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

7. Defendant, POWERPRO SERVICE CO., INC., is a domestic business corporation with a principal place of business located in Bohemia, New York.

8. At all times relevant, Defendant, POWERPRO SERVICE CO., INC., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190(3).

9. At all relevant times, Defendant, POWERPRO SERVICE CO., INC., was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000.00, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendants' employees

were engaged in the installation and servicing of generators and used tools, oil, solvents, batteries, alternators, spark plugs, power tools and equipment, much of which originated in other states.

10. Defendant, FRANK NAVETTA, was and is a shareholder and/or officer of POWERPRO SERVICE CO., INC., has authority to make payroll and personnel decisions for the company, and is active in the day-to-day management of the company, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

11. At all times relevant, Defendant, FRANK NAVETTA, was and still is an "employer" within the meaning of the FLSA and NYLL.

12. Defendant, BYRON NAVETTA, was and is a shareholder and/or officer of POWERPRO SERVICE CO., INC., has authority to make payroll and personnel decisions for the company, and is active in the day-to-day management of the company, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

13. At all times relevant, Defendant, BYRON NAVETTA, was and still is an "employer" within the meaning of the FLSA and NYLL.

## FACTUAL ALLEGATIONS

14. Defendants service, maintain and repair generator systems.

15. Plaintiff was employed by Defendants as a field service technician from in or about June 2022 until September 2024.

16. Plaintiff's primary job duties were installing, maintaining, troubleshooting and generator systems for Defendant's customers.

17. Plaintiff's job duties required lifting and carrying 5-gallon buckets of oil that weighed between 60 and 80 pounds; lifting, carrying and installing batteries that weighed approximately 120 pounds; lifting and installing heavy parts, such as alternators weighing

between 30 and 40 pounds; and standing for extended periods.  Plaintiff's job duties required lifting, holding and carrying heavy objects; stooping, kneeling, bending, climbing and crouching for extended periods; and using hand tools and power tools.  He regularly spent more than twenty-five percent of his hours worked each workweek performing such manual tasks.

18. Plaintiff began each workday at Defendant's shop/yard in Bohemia, where he loaded his Sprinter work van with oil, oil filters, spark plugs and repair and/or replacement parts. Plaintiff began work most workdays at 7:00 a.m., and occasionally at 7:45 a.m. Plaintiff spent between 15 and 60 minutes each morning loading his van.  Plaintiff then traveled to service generators throughout the New York Metropolitan area, including the east end of Long Island, Suffolk County, Nassau County, and the five boroughs.  After completing his route of service calls, Plaintiff returned to Defendant's shop/yard in Bohemia.  The time that Plaintiff spent traveling back to the yard ranged between 30 minutes and 2 hours.

19. Plaintiff regularly worked more than 40 hours per week.  However, Defendants failed to pay Plaintiff for all hours that he worked and failed to pay Plaintiff overtime at the rate of one and one-half times his regular rate of pay for hours worked in excess of 40 hours per week.

20. Defendants paid Plaintiff at a regular rate of $31 per hour for time spent servicing generators but did not compensate Plaintiff at all for time worked each workday before 8:00 a.m. or time spent driving the service van back to Defendants' yard after completing his service calls.

21. As a result, Defendants regularly failed to pay Plaintiff for all hours worked after 40 hours per workweek at a rate not less than one and one-half times his regular rate of pay.

22. Defendants were aware that Plaintiff worked hours for which he was not compensated.  Defendants' service manager told Plaintiff that Defendants' policy is to not pay service technicians for the time they spent in travel between the shop and worksites.

23. Defendants deducted 30 minutes from Plaintiff's compensable work time each workday for a meal break that Plaintiff did not receive.

24. Throughout his employment with Defendants, Plaintiff was required to work "on-call" for 2-week rotations.

25. Plaintiff's use of his personal time was restricted during his on-call rotation.

26. Defendants dispatched Plaintiff to perform approximately 2 to 4 service calls for each on-call rotation but did not pay Plaintiff for the time he spent traveling to or from the location of each service call.

27. Defendants failed to pay Plaintiff and similarly situated persons who have worked for Defendants as field technicians in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned" as required by NYLL § 191.

28. Instead, Defendants paid Plaintiff and similarly situated persons on a bi-weekly basis pursuant to a company-wide payroll policy in violation of NYLL § 191.

29. Plaintiff and Class Members are manual workers who depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages.

30. Each time that Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs their wages within seven days of the end of the workweek, Defendants deprived them of the use of money that belonged to them. As a result, Plaintiff and FLSA Collective Plaintiffs lost the time value of money.

31. Defendants' failure to pay Plaintiff at a rate of at least one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek was willful.

32. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

33. Defendants failed to provide Plaintiff upon hire with written notice that accurately and expressly stated Plaintiff's regular rate of pay, overtime rate of pay, and other information required by NYLL § 195(1).

34. Defendants failed to provide Plaintiff with an accurate statement with every payment of wages listing, *inter alia,* the correct number of hours worked each workweek in violation of NYLL § 195(3).

35. Defendants' failure to accurately state the number of hours worked by Plaintiff each workweek and accurately state overtime pay owed for each pay period, prevented Plaintiff from knowing to what extent he had been underpaid and seeking payment for the precise amount of his unpaid wages.

36. As a result, Plaintiff was deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier; was unable to determine how much he had been underpaid throughout his employment; and would have asserted his claim sooner if accurate statements had been provided.

37. Defendants' failure to provide accurate notices and statements not only denied Plaintiff the time-value of the underpayments he seeks to recover in this action, but also resulted in continued practice of paying Plaintiff less than one and one-half times his regular rate for hours that he worked after 40 hours per workweek.

## COLLECTIVE ACTION ALLEGATIONS

38. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

39. Plaintiff brings FLSA claims on behalf of himself and all former and current employees of Defendants who give their written consent to become plaintiffs and who performed similar duties as Plaintiff including maintaining, servicing and repairing generator systems at any time during the three (3) years prior to the filing of their respective consent forms.

40. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as their own interests in bringing this action.

41. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

42. The First Claim for Relief is brought under and maintained as a collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of providing notice their names and addresses are readily available from the Defendant. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation

of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## FIRST CLAIM FOR RELIEF
## UNPAID FLSA OVERTIME WAGES

43. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

44. Defendants employed Plaintiff and the Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiff and the Collective Action Plaintiffs overtime compensation for time worked in excess of forty (40) hours per week in violation of the FLSA.

45. Defendants' violations of the FLSA as described in this Complaint have been willful. Therefore, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

46. As a result of Defendants' unlawful acts, Plaintiffs and each Opt-In Plaintiff are entitled to recovery from Defendants unpaid overtime compensation in an amount to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## UNPAID NYLL OVERTIME WAGES

47. Plaintiff and each Collective Action Plaintiff who opts-in to this action allege and incorporate by reference all allegations in all preceding paragraphs.

48. Defendants employed Plaintiff and the Collective Action Plaintiffs who opt-into this action for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular rates in violation of the NYLL.

49. By failing to pay Plaintiff and the Collective Action Plaintiffs who opt-into this action overtime wages for hours worked in excess of 40 hours per week, Defendants have willfully violated NYLL Article 19, § 650 *et seq*., and the supporting N.Y.S. Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

50. Plaintiff and Collective Action Plaintiffs are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**THIRD CLAIM FOR RELIEF**
**UNPAID NYLL REGULAR WAGES**

51. Plaintiff and each Collective Action Plaintiff who opts-in to this action allege and incorporate by reference all allegations in all preceding paragraphs.

52. Defendants willfully failed to compensate Plaintiffs for all hours worked each workweek at their regular rates in violation of the NYLL.

53. By failing to pay Plaintiff and the Collective Action Plaintiffs who opt-into this action wages for all hours worked each workweek, Defendants have willfully violated NYLL.

54. Plaintiff and Collective Action Plaintiffs are entitled to recover from Defendants unpaid regular wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**FOURTH CLAIM FOR RELIEF**
**FREQUENCY OF PAYMENT VIOLATION**

55. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

56. Plaintiff and Class Members are manual workers.

57. Defendants were required to pay the Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

58. Defendants failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiff and Class Members bi-weekly in violation of NYLL § 191.

59. Each time that Defendants failed timely to pay Plaintiff and Class Members their wages within seven days of the end of the workweek, Defendants deprived Plaintiff and Class Members of the use of money that belonged to them.

60. Plaintiff and Class Members are entitled to damages equal to the total of the late-paid wages and reasonable attorneys' fees and costs pursuant to NYLL § 198(1-a).

## FOURTH CLAIM FOR RELIEF
## NYLL § 195(1) WAGE NOTICE

61. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

62. Defendants failed to provide Plaintiff with a written notice upon hire regarding his rate of pay; the basis of his rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by NYLL § 195(1).

63. Due to Defendant's failure to provide Plaintiff with the notice and statement required by NYLL § 195(1), Plaintiff is entitled to statutory damages in the amount of $5,000.00.

## FIFTH CLAIM FOR RELIEF
## NYLL § 195(3) WAGE STATEMENT

64. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants failed to provide Plaintiff with an accurate statement of his wages each pay period as required by NYLL § 195(3).

66. Due to Defendant's failure to provide Plaintiff with the notice and statement required by NYLL § 195(3), Plaintiff is entitled to statutory damages in the amount of $5,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all other persons similarly situated, prays for the following relief:

(i.)   Certification of a collective action pursuant to 29 U.S.C. § 216(b);

(ii.)  An order authorizing the dissemination of notice of the pendency of this action;

(iii.) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.*;

(iv.)  Certification of a Class Action pursuant to Fed. R. Civ. P. 23;

(v.)   Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(vi.)  Issuance of a declaratory judgment that the practices complained of in this Amended Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

(vii.) Damages pursuant to NYLL § 198(1-a);

(viii.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims; and

(ix.)  Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
       November 12, 2024

ROMERO LAW GROUP PLLC

By:   */s Peter A. Romero*
      _____
      Peter A. Romero, Esq.
      490 Wheeler Road, Suite 277
      Hauppauge, New York 11788
      Tel. (631) 257-5588
      promero@romerolawny.com

      *Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against, Power Pro Service Company, and any related entities or individual defendants, to recover unpaid wages and/or damages for untimely paid wages pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* and its applicable regulations and the New York Labor Law and its applicable regulations and wage orders. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Romero Law Group to represent me in this case.

_____          5/15/24
Tyler Such                                Date